IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

RICKY DON HUNTER                                                    PLAINTIFF

vs.                              Civil No. 3:11-cv-03005

MICHAEL J. ASTRUE                                                   DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

 Ricky Don Hunter ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his applications for

Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of

disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a

magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 3.[1]

Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final

judgment in this matter.

1. **Background:**

 Plaintiff protectively filed applications for DIB and SSI on May 29, 2007.  (Tr. 38, 87-90).

Plaintiff alleged he was disabled due to back problems, hypertension, anxiety, and depression.  (Tr.

111).  Plaintiff alleged an onset date of March 1, 1999.  (Tr. 111).  These applications were denied

initially and again upon reconsideration.  (Tr. 47-53, 55-58).  Thereafter, Plaintiff requested an

---

[1] The docket numbers for this case are referenced by the designation "ECF No. _____"  The transcript pages
for this case are referenced by the designation "Tr."

1

administrative hearing on his applications, and this hearing request was granted.  (Tr. 59-60).

Plaintiff's administrative hearing was held on November 20, 2008, in Fayetteville, Arkansas. (Tr. 16-30).  Plaintiff was present and was represented by counsel, Wayne Young, at this hearing. *Id.*  Plaintiff and Vocational Expert ("VE") Dale Thomas, testified at this hearing.  *Id.*  At the time of this hearing, Plaintiff was fifty-three (53) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d), and had a GED.  (Tr. 19, 117).

On May 18, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI.  (Tr. 38-46).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2011.  (Tr. 40, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 1, 1999, his alleged onset date.  (Tr. 40, Finding 2).

The ALJ determined Plaintiff had the severe impairments of hypertension, arthritis of the back, and a mood disorder.  (Tr. 40, Finding 3).  The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 41, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 41-45, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform medium work, but was moderately limited in the ability to understand, remember, and carry out detailed instructions, respond appropriately to usual work situations and routine work changes, and in the ability to appropriately interact with supervisors, co-workers, and the public.  *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr.44, Finding 6). Based upon his RFC, the ALJ determined Plaintiff would be unable to perform his PRW. *Id.* The ALJ did, however, find Plaintiff retained the ability to perform other work existing in significant numbers in the national economy. (Tr. 45, Finding 10). The ALJ based this finding upon the testimony of the VE. *Id.* Specifically, the VE testified in response to interrogatories from the ALJ that a hypothetical individual with Plaintiff's limitations retained the ability to perform work as a machine assembler with 285 such jobs in Arkansas and 20,000 in the national economy, as an assembler with 100 such jobs in Arkansas and 6,000 in the national economy, and as a machine tester with 75 such jobs in Arkansas and 5,500 in the national economy. *Id.* The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, at anytime through the date of his decision. (Tr. 45, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 6-8). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-5). On January 13, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 10, 2011. ECF No. 3. Both Parties have filed appeal briefs. ECF Nos. 7, 8. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

4

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox*, 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion</u>:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 7 at 8-13. Specifically, Plaintiff claims the ALJ erred in evaluating his RFC. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 8.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart*, 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the

workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform medium work, but was moderately limited in the ability to understand, remember, and carry out detailed instructions, respond appropriately to usual work situations and routine work changes, and in the ability to appropriately interact with supervisors, co-workers, and the public. (Tr. 41, Finding 5).

Plaintiff initially argues the ALJ erred in his RFC because the findings of Dr. Jeanne Hatcher Curtis[2] were not incorporated into the RFC. ECF No. 7, Pg. 9. Dr. Hatcher Curtis conducted a Mental Diagnostic Evaluation of Plaintiff on July 30, 2007. (Tr. 196-200). Dr. Hatcher Curtis diagnosed Plaintiff with anxiety disorder, alcohol dependence, cannabis dependence, and sedative, hypnotic, or anxiolytic dependence. (Tr. 199). The ALJ discussed these findings in the opinion. (Tr. 44).

Plaintiff argues Dr. Hatcher Curtis found Plaintiff would not be able to communicate and interact in a socially adequate manner in the work place; was able to communicate in an intelligible manner only at a slow pace and with specific questioning and effort on the part of the person with whom Plaintiff was communicating; and would have difficulty without clear and precise instructions to be repeated if necessary. (Tr. 199). However the ALJ did incorporate these findings in the RFC by finding Plaintiff was moderately limited in the ability to understand, remember, and carry out detailed instructions, respond appropriately to usual work situations and routine work changes, and

---

[2]The ALJ's decision identifies Dr. Jeanne Hatcher Curtis as Dr. Hatcher, and Plaintiff's Brief identifies her as Dr. Curtis.

6

in the ability to appropriately interact with supervisors, co-workers, and the public.  (Tr. 41).

Finally, as discussed by Defendant, Dr. Hatcher Curtis' opinion does not indicate Plaintiff's mental limitations would preclude him from working.   (Tr. 196-200).   Therefore, Plaintiff's allegation that the ALJ rejected Dr. Hatcher Curtis' opinion is without merit.

The Plaintiff also argues the ALJ erred in the RFC determination because Plaintiff's records from the Arkansas Department of Corrections ("ADC") show Plaintiff was limited to sedentary work.  ECF No. 7, Pg. 10.  Plaintiff makes no reference to any particular records in this argument. Plaintiff was in the ADC from July 2003 through May 16, 2007.  (Tr. 28, 202).  Plaintiff filed his applications for disability on May 29, 2007.  (Tr. 38).

The ALJ discussed Plaintiff's back complaints in reference to medical records, dated November 13, 2003, from the ADC which showed a diagnosis of arthritis and restrictions from assignments requiring handling, lifting of heavy materials in excess of 20 pounds or requiring overhead work for a period in excess of 8 hours and those requiring prolonged crawling, stooping, running, jumping, walking, or standing.  (Tr. 43, 202-203).  The ALJ noted the ADC medical notes were made shortly after Plaintiff entered the prison system, and at that time he was treated conservatively with nonsteroidal medications.  (Tr. 43, 202-205, 208).  The ADC records show Plaintiff continued to take nonsteroidal medications and did not complain of back pain after 2003. (Tr. 202-231).  The evidence does not support the finding of any limitations when Plaintiff was released from ADC in 2007.

Finally, Plaintiff argues the ALJ erred in his RFC determination by failing to fully incorporate the findings of Dr. Dan Donahue.  ECF No. 7, Pg. 10.  Dr. Donahue prepared a Psychiatric Review Technique on Plaintiff on August 14, 2007.  (Tr. 234-251).  Dr. Donahue

7

assessed Plaintiff with anxiety-related disorder and substance addiction disorder.  (Tr. 234, 239, 242).  Dr. Donahue also found, based on the results of the mental status examination, no evidence Plaintiff had a marked and severe mental disorder, and Plaintiff retained the ability to perform unskilled types of work.  (Tr. 246).

Dr. Donahue also prepared Mental RFC Assessment on Plaintiff.  (Tr. 248-250).  Dr. Donahue assessed Plaintiff's mental functional capacity and found Plaintiff was able to perform work where interpersonal contact is incidental to work performed, e.g., assembly work; complexity of tasks is learned and performed by rote, few variables, little judgment; supervision required is simple, direct, and concrete.  (Tr. 250).  These findings are in fact incorporated into the RFC determination and include the types of employment the VE said were available based on Plaintiff's RFC.  (Tr. 45).

Plaintiff has the burden of establishing his claimed RFC.  *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)).  Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**4.  Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **29th day of February, 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE